*In re* HOGMIRE'S APPEAL.

1. WILLS—MENTAL CAPACITY—NON-EXPERT WITNESS.
    Non-expert and non-professional witnesses, before being permitted to give an opinion as to the mental competency of a testator, must state facts and circumstances as a basis for their opinion.

2. SAME—HYPOTHETICAL QUESTIONS.
    The opinions of such witnesses cannot be sustained or attacked by their further opinions based upon hypothetical questions.

Error to Branch; Yaple, J. Submitted January 15, 1896. Decided February 26, 1896.

Agnes Hogmire appealed from an order probating the will of John Sager, deceased. The will was again sus-

tained at the circuit, whereupon she removed the cause to this court by writ of error. Judgment reversed.

The issue involved in this case is the competency of the deceased, John Sager, to execute a will. One of the witnesses to the will was Henry Brooks. The proponents introduced him as a witness, and simply proved its execution, asking no questions as to the mental condition of the testator. The will was executed August 10, 1893. The contestant, on cross-examination, elicited from him testimony to the effect that he had known deceased from 1863 to the time of his death, had more or less conversation with him as a neighbor, talked about business matters, had been with him on a trip to buy property, noticed a change in him as he grew older; he was excitable, and at times did not know what he wanted to do; he was forgetful; and, from what he knew of him, he did not consider that he was competent at the time to make a will. On redirect examination, the following question was asked:

"Mr. Brooks, supposing that a man was troubled with a stomach trouble, as you say Mr. Sager was, and about his age, and he sent for a justice of the peace, and he told him that he wanted some deeds drawn, why he wanted them drawn, how he wanted them drawn; and, when he came back, it was not drawn just exactly as he wanted it, and he pointed out to him the thing he wanted in the will that was not there, and the man goes back and writes a new will, and then he goes back, and that man signs the will,—taking those circumstances just as I have stated them, what do you say as to the mental capacity of that man to make a will?"

This was objected to on the ground that the witness was not an expert or professional witness, and it was therefore incompetent to put to him hypothetical questions. The objection was overruled, and exception taken. His answer was, "If a man knew enough to do that right there, it would be all right enough." The jury sustained the will.

*H. H. Barlow*, for appellant.˙

*H. C. Loveridge* (*John B. Shipman*, of counsel), for proponents and appellees.

GRANT, J. (*after stating the facts*). The admission of this evidence is the sole allegation of error. The proponents seek to sustain it upon the theory that it was not aimed at the testator's capacity, but at the competency of the witness to give his opinion, or, in other words, for the purpose of ascertaining the witness' idea of mental competency. They also insist that the same rule of cross-examination applies to non-professional and non-expert, as to professional and expert, witnesses. They cite in their brief several cases from the courts of New York, Indiana, California, and Wisconsin. In all the cases cited, the question arose upon the testimony of professional expert witnesses. No case cited involves this question. The case of *Rambler* v. *Tryon*, 7 Serg. & R. 90,˙ cited by the contestant, is directly in point, and holds such testimony incompetent. While the question has not been directly before this court, the case of *Rice* v. *Rice*, 50 Mich. 448, is of some import. Similar questions were propounded to non-expert witnesses upon the direct examinations, and were held incompetent. In the present case, while the question arose upon the redirect examination, yet, practically, it was cross-examination, and must be so regarded under the authority of *Kempsey* v. *McGinniss*, 21 Mich. 148, wherein it was held:

" In this particular class of cases, and upon the question of mental soundness or unsoundness, after a *prima facie* case has been established by the proponents, the case, for all purposes connected with the order of proof upon that question, stands the same as if the burden of proof throughout rested upon the contestants to show mental incapacity."

The firmly-established rule in this State is that non-experts and non-professionals, before they can give any opinion upon the incompetency of the testator, must state

facts and circumstances as a basis for their opinions. Without giving some such facts or circumstances inconsistent with competency, such opinions are inadmissible. The reason for the rule has been frequently stated in the decisions of this court. *Beaubien* v. *Cicotte*, 12 Mich. 459; *Kempsey* v. *McGinniss* and *Rice* v. *Rice*, *supra.*

The question propounded to Mr. Brooks involved conditions and supposed facts of which he knew nothing. It was a hypothetical question, and we find no authority to sustain its admissibility. On the cross-examination of experts, a broad latitude is allowed, and some cases hold that it is not necessarily confined to the facts in evidence. Underh. Ev. § 188, and authorities there cited. The opinions of laymen are limited to the facts and reasons derived from actual observation. Their opinions based thereon are only admissible because the courts have recognized the difficulty in the ability of witnesses to describe to the jury all the appearances and conditions which enter into their opinions. Subscribing witnesses have generally been held competent to testify upon the mental condition of the testator, without even stating the facts upon which their opinions are based. But many early cases held that the opinions of laymen, aside from subscribing witnesses, were incompetent, and there is much force in their reasoning. Rogers, in his work on Expert Testimony (section 67), states the consensus of authority as follows:

"The result has been that many of the earlier cases have been overruled, and the principle has come to be generally recognized that non-professional witnesses may give their opinions as to sanity, as a result of their personal observation of the person whose mental condition is in question, after first stating the facts which they have observed."

He cites a large list of authorities. The courts in New York and Massachusetts still exclude such opinions. Rog. Exp. Test. § 67, pp. 158, 159, where the decisions in those States will be found cited. We see no sound sense or reason in holding that the opinions of laymen

upon mental competency, which, at the best, are not of great value, should be sustained or attacked by their further opinions upon hypothetical questions. The rule in regard to such evidence should not be enlarged.

It follows that the judgment must be reversed, and a new trial ordered.

The other Justices concurred.