## CONKLIN ET AL. *v.* DOUGHERTY ET AL.

[No. 7,143. Filed November 16, 1909.]

1. APPEAL.—*Briefs.*—*Setting Out Record of Alleged Errors.*—Appellants' brief should set out the record showing the alleged erroneous rulings, and failing therein, it is discretionary with the court whether it will consider such errors. p. 571.

2. PLEADING.—*Complaint.*—*Sustaining Demurrer to Paragraph of.* —*Facts Provable Under Another.*—Where the facts provable under a paragraph of complaint are provable under another, the sustaining of a demurrer to the former is harmless. p. 572.

3. EVIDENCE.—*Confidential Communications.*—*Attorney and Client.* —*Executing Deeds.*—Where the parties to a deed secure an attorney merely to prepare same, such attorney may testify as to conversations at the time, the evidence failing to show that such attorney was counsel for, or advised with, the parties, or that he was in their employ as an attorney. p. 572.

4. EVIDENCE.— *Insanity.*— *Cross-Examination.*— *Outside Facts.*— *Deeds.*—Where a witness, after reciting certain conversations and facts, expressed his opinion that a certain grantor was of sound mind, it is not erroneous for the court to refuse to permit such witness, on cross-examination, to express an opinion, where the facts assumed in the question were not testified to by such witness. p. 573.

5. EVIDENCE.—*Exclusion of.*—*Offer to Prove.*—*Appeal.*—Where a question is objected to, and no offer is made showing what the answer thereto would be, the sustaining of the objection presents no question on appeal, this court being unable to say whether the answer would have been beneficial or detrimental to the complaining party. p. 573.

From Orange Circuit Court; *Bayless Harvey*, Special Judge.

Suit by Susan Conklin and others against Leander Dougherty and another. From a decree for defendants, plaintiffs appeal. *Affirmed.*

*Samuel R. Lambdin, Stotsenburg & Weathers* and *Will H. Talbot*, for appellants.

*Perry McCart* and *M. B. Hottel*, for appellees.

RABB, J.—Appellants and appellees, except appellee Hooker Hancock, were the children and grandchildren of

George and Sarah Dougherty, who, previous to the beginning of this action, died intestate, leaving these parties their sole heirs at law. George and Sarah Dougherty owned the lands described in the complaint, consisting of two farms, one located in Orange county and the other in Warrick county. George and Sarah Dougherty executed deeds by which they undertook to convey the fee in these lands to the appellees Leander and Noah Dougherty, and this suit was brought by appellants to recover the interest in said lands, which appellants would take as heirs had George and Sarah died the owners of the same.

The complaint was in five paragraphs. A demurrer was sustained to the fourth paragraph, the issues were formed on the remaining paragraphs, a cross-complaint was filed by the appellees, in which they sought to quiet their title to the premises, issues were formed on the cross-complaint, and a jury trial had, resulting in a verdict and judgment in favor of the appellees, and a decree quieting their title to the premises.

A reversal of this judgment and decree is sought on the ground that the court erred in sustaining appellees' demurrer to the fourth paragraph of the complaint, and that appellants' motion for a new trial should have been sustained on account of error of the court, in permitting Thomas B. Buskirk to testify as a witness in appellees' behalf, and in refusing to allow appellants to cross-examine appellees' witness Doctor Lindley, as an expert, and in sustaining appellees' objection to appellants' question to the witness Martha Chastain.

There is no attempt on the part of appellants' counsel to make his brief comply with rule twenty-four of this court, requiring concise statements of so much of the record as

1. fully presents the exceptions relied upon for reversal.

The purpose of this rule is to expedite the despatch of business in the Supreme and Appellate Courts, and it is intended that from the statements required to be made in the

brief the court can fully comprehend the questions involved in the appeal, without taking the time to ascertain them from the transcript. Were this court compelled to search through the voluminous transcripts filed here, to determine whether the errors assigned thereon were sustained by the record, the already overburdened docket of this court would be vastly increased, and the time required to determine appeals lengthened indefinitely. Inasmuch, however, as the transcript in this case is not voluminous, we have given due consideration to the questions raised by appellants, and will determine them in the order presented.

The second paragraph of appellants' complaint was in the usual form of a complaint to quiet title to the lands in controversy, and all of the evidence that appellants could 2. have given under the fourth paragraph of complaint would have been competent under this paragraph. Hence no reversible error intervened in sustaining the demurrer to the fourth paragraph of the complaint.

Thomas B. Buskirk was examined as a witness in behalf of appellees. Objection was made to his testifying with reference to conversations had with George and Sarah 3. Dougherty on a certain occasion, when he drafted the deeds in question for them. The objection is predicated on the alleged confidential relation of attorney and client existing between the witness and George and Sarah Dougherty, at the time of the conversations. The evidence fails to sustain the appellants' contention that such relation existed between the witness and the parties at the time. The mere fact that a lawyer is called upon to write a deed does not create the relation of attorney and client between such lawyer and the parties for whom he makes the deed. The evidence fails to show that, at the time of the conversation called for, the witness was either counsel for, or had undertaken to advise with, the Doughertys in reference to any matter of law, or that he was in their employ as an attorney.

Doctor Lindley was examined as a witness in chief. He testified to his acquaintance with George and Sarah Dougherty, to conversations had with them, and upon these facts expressed an opinion, as a nonexpert, as to the soundness of mind of George Dougherty. He was asked this question: ''If you had known that he had deeded all the real estate he had in the world to the two boys, leaving the four girls and a grandchild, who was the child of another girl, without anything, would that fact make any impression on your mind as to his soundness or unsoundness of mind?'' The court sustained appellees' objection to this question, and this is made the ground of a motion for a new trial. This objection was properly sustained. The question in noway related to the facts about which the witness had given evidence in his examination in chief.

The last reason assigned in appellants' motion for a new trial, that is relied on for reversal, is that the court erred in refusing to allow the witness Martha Chastain to answer the second question going to impeach the witness Noah Dougherty. Conceding, without deciding, that the question sought to be raised here was properly presented in appellants' motion for a new trial, the action of the court thereon presents no reversible error. There is nothing disclosed in the record as to what answer the witness would have made to the question objected to. For aught that appears in the record, she might have answered the question in the negative.

No reversible error is presented in the record. Judgment of the court below affirmed.