SPRY ET AL. *v.* LOGANSPORT LOAN AND TRUST COMPANY, EXECUTOR ET AL.

[No. 23,839.   Filed February 2, 1922.]

1. WILLS.— *Contest.— Nonexpert Witness.— Cross-Examination. —Extent.—Harmless Error.*—In an action to contest a will on the ground of testator's unsoundness of mind, hypothetical questions on cross-examination to nonexpert witnesses, who had testified that testator was of unsound mind, calling for their opinions as to his physical condition, *held* harmless, even though erroneous, where the answers contained nothing prejudicial to appellant. p. 523.

2. WILLS.— *Contest.— Testamentary Capacity.— Instructions.— Harmless Error.*—In an action to contest a will on the ground of testator's unsoundness of mind, an instruction that a delusion, moving the testator to make his will, would not necessarily render the will invalid, unless the "delusion entered into and affected the manner of the disposition of testator's property," though an inaccurate statement of the law, *held* not prejudicial, in view of the other instructions given. pp. 526, 527.

3. WILLS.— *Contest.— Testamentary Capacity.— Delusions.*— A delusion which merely moves the testator to make a will, but does not influence or control him in disposing of his property, does not destroy his testamentary capacity. p. 526.

4. TRIAL.— *Instructions.—Mental Incapacity.—Delusions.—Cure of Erroneous Instruction by Other Instructions.*—In an action to contest a will on the ground of testator's mental incapacity, an instruction that a delusion which would invalidate the will must have been permanently in testator's mind, and not a mere temporary dream "due to high fever or other temporary cause, which idea and belief the testator himself recognized as unreal and without foundation," though inaccurate, *held* harmless, when considered with the other instructions and in connection with the evidence. p. 527.

5. APPEAL.—*Review.—Misconduct of Counsel.—Argument.—Discretion of Trial Court.*—The control of the argument of counsel is peculiarly for the trial court, and judgment will be reversed for misconduct in argument only where the trial court is shown to have abused its very wide descretion. p. 528.

6. APPEAL.—*Presenting Questions for Review.—Misconduct of Counsel.—Briefs.*—To present for review on appeal the action of the trial court with relation to the conduct and statements of counsel in argument, a party must procure a bill of exceptions to be filed, certifying what was done and said, what ob-

jections and motions were made, how the court ruled thereon, and what exceptions were reserved, and the briefs must set out enough of the facts thus shown, and of the evidence to which the argument related, to make it clear that the discretion of the court was abused, and indicate by reference to the pages and lines of the transcript where the matters referred to may be found. p. 528.

From Miami Circuit Court; *J. F. Cox,* Special Judge.

Action by Thomas A. Spry and another against the Logansport Loan and Trust Company, executor of the will of Charles A. Spry, deceased, and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Kistler, Kistler & McHale, Albert C. Ward* and *C. C. Shirley,* for appellants.

*Arthur & Arthur, Merle M. Wall, Nott M. Antrim* and *Long & Yarlott,* for appellees.

EWBANK, C. J.—Appellant Thomas A. Spry and his mother, of whose estate he is the administrator and sole heir, brought this action to contest the will of Charles A. Spry, the brother of appellant and son of the mother. The complaint charged that at the time the alleged will was executed Charles A. Spry was of unsound mind. The will was dated December 29, 1914, and the testator died February 18, 1915. Each of the appellees answered by a denial. The only error assigned is overruling the motion for a new trial.

Appellants first complain that appellees were permitted to ask a witness whether if the testator did certain enumerated acts (as testified by other witnesses)

1. on the day that he signed the will and procured it to be witnessed, he "had improved in strength," or "was in a better condition" than when this witness saw him five days before. The witness had testified that five days before the date of the will the testator was "weak and exhausted, but insisted on dressing him-

self, though too weak to do so," that he "asked a lady attendant to wheel him in a chair to the cashier" of the hospital, that when they drove to a hotel in a taxi cab, he "attempted to get out but was too weak" and was "assisted to alight," and that he "cursed witness and C. for offering assistance, though too weak to walk without it;" and after giving much other testimony as to what the testator did and said on that day and at other times, had expressed the opinion that he was "of unsound mind in the fall of 1914 and thereafter."

Appellant insists that the questions referred to violated the rule which forbids non-expert witnesses to give opinions in answer to hypothetical questions based on facts which they do not know and to which they have not testified. Just how far that rule applies to cross-examination, and how far it is modified by the rule that the trial court, in the exercise of a sound legal discretion, is ordinarily the final authority as to the extent and character of the cross-examination, has not been decided in this state. More than once, in this and other states, it has been adjudged that excluding questions by which a non-expert witness was asked for his opinion upon supposed facts to which he had not testified was not error. *Harbison* v. *Boyd* (1911), 177 Ind. 267, 96 N. E. 587; *Conklin* v. *Dougherty* (1909), 44 Ind. App. 570, 89 N. E. 893; *Estate of Dolbeer* (1906), 149 Cal. 227, 248, 86 Pac. 695; *Bell* v. *McMaster* (1883), 29 Hun (N. Y.) 272; *Ragland* v. *State* (1899), 125 Ala. 12, 27 So. 983; See *Holmes* v. *Rivers* (1910), 145 Iowa 702, 124 N. W. 801.

And a number of cases in other jurisdictions have held that where such a question, duly excepted to, elicits an answer which contradicts an opinion as to the testator's soundness of mind, previously given, as based upon facts known to the witness and testified by him, the admission of the evidence thus obtained is reversible

error. *Lang* v. *Lang* (1912), 157 Iowa 300, 135 N. W. 604; *Hayes* v. *Smith* (1900), 62 Ohio St. 161, 56 N. E. 879; *Hogmire's Case* (1896), 108 Mich. 410, 66 N. W. 327; *Pittard* v. *Foster* (1882), 12 Ill. App. 132; *Rambler* v. *Tryon* (1821), 57 Serg. & R. (Pa.) 90, 10 Am. Dec. 444.

The questions excepted to did not have any direct relation to the subject of unsoundness of mind, but related only to the physical condition of the testator at a time when the evidence shows, without dispute, that he did the things enumerated in the questions. Possession of the very limited amount of strength required to do them was not inconsistent with lack of testamentary capacity. And if the answers were not necessarily inconsistent with the opinion that the testator was of unsound mind, which the witness had expressed on direct examination, overruling appellant's objections to the questions would be harmless, even if erroneous.

Another witness testified that at the time the will was signed he considered the testator of unsound mind, and on cross-examination stated that he thought so because the testator appeared weak, faltered in climbing the stairs, and sank into a chair and asked that the windows be opened for air. He was then asked by appellee to suppose certain facts as to what the testator might have done earlier in the forenoon of that day, before climbing the stairs, and concluded with the words, "if he was a little short of breath when he got up there you think he was of unsound mind." But the answer given by the witness to the effect that the weakness of the testator and shortness of his breath after climbing the stairs were merely two facts which he took into consideration, but that he believed the testator of unsound mind from the accumulated facts of an acquaintance of sixteen years, and from his behavior months before

the signing of the will, of which the witness had given testimony that fills forty-one pages of the record, indicates that the answer could not have harmed appellant. No answers which were in the slightest degree prejudicial to appellant being shown to have been given to these questions, permitting them to be asked on cross-examination is not cause for reversing the judgment.

Appellant asked for thirty-nine instructions, of which the court gave thirty-seven. Appellee asked for thirty-four and the court gave them all. And the court then gave six on his own motion.

Of the instructions given at the request of appellant, six told the jury, in slightly different language, that if the testator was affected by partial insanity, or

2. had an insane delusion, and it controlled or affected the execution of the will, such will was invalid; one told them that if such an insane delusion influenced the testator to exclude his mother from the benefits of the will, it was invalid; and two or three others told them that it was invalid if made when the testator was afflicted with any form of mental unsoundness. Instruction No. 36 was to the effect that if the testator was afflicted with an insane delusion that somebody was trying to steal his property and could be prevented only by the disposition of his property by will, and if he was influenced to execute the will by such insane delusion, the will was invalid. But at the request of appellee the court also gave an instruction (No. 31) that if such delusion existed, and if it moved the testator to make his will, this would not necessarily render the will invalid unless the "delusion entered into and affected the manner of disposition of testator's property." This instruction is not happily expressed.

But a delusion which merely moved the testator

3. to make a will, but did not influence or control him in disposing of his property would not de-

stroy his testamentary capacity. And in view of the many repetitions, in a large number of instructions, of the proposition that so far as partial insanity or an insane delusion entered into or controlled the terms of the will it was invalid, we think that the inaccuracy in this instruction could not have been harmful.

Appellee's instruction No. 29 is also complained of, as stating that a delusion which would invalidate the will must have been permanently in testator's mind, and not a mere temporary dream "due to high fever or other temporary cause, which idea and belief the testator himself recognized as unreal and without foundation." The jury was fully instructed as to the effect of insane delusions which "had found permanent lodgment in the testator's mind and could not be removed by any amount of reason or argument." And as applied to the evidence that at a time some weeks prior to the date when the will was made, and when other witnesses said the testator was delirious because of fever, he had thought some unknown persons would steal his property if he did not make a will, the instruction was not misleading. There was no evidence that he had any dreams due to fever at the time he signed the will, having traveled from Indianapolis to Logansport five days before and returning to Indianapolis that afternoon, but this related to a delusion which one of the witnesses said he had some time before in the hospital at Indianapolis, and which other witnesses testified he afterward had realized was only a bad dream. While not strictly accurate it was harmless.

The seventy-seven instructions that were given so fully covered the very few issues of the case, and not only once, but over and over declared the law in relation to them, that we do not think the alleged defects in the other instructions given, nor the refusal of the court to

give two more requested by the appellant, operated to his disadvantage.

The control of the argument is peculiarly for the trial court, and we can only reverse a judgment for misconduct of counsel in argument where the trial court

5. is shown to have abused its very wide discretion.

Appellant complains of certain improper statements of counsel with reference to what was proved by some of the documentary evidence and with reference to facts which a witness had denied. But his brief does not set out the evidence referred to, nor suggest where it might be found in the voluminous transcript, nor show whether there is a bill of exceptions reciting what counsel said in argument, and what steps were taken to restrain him within proper bounds. Neither does it indicate in any way the pages of the transcript at which the bill of exceptions or the particular facts relied on are set forth.

To present for review on appeal the action of the trial court with relation to the conduct and statements of counsel in argument, a party must procure a bill

6. of exceptions to be filed certifying what was done and said, what objections and motions were made, how the court ruled thereon, and what exceptions were reserved; and the briefs must set out enough of the facts thus shown, and of the evidence to which the argument related, to make it clear that the discretion of the court was abused, and must indicate by reference to the pages and lines of the transcript where the matters referred to may be found. The court will not search through a large record without aid from counsel to discover a possible bill of exceptions, the recitals therein of the argument, appellant's objections, the court's ruling and the exceptions thereto, which must be considered in determining whether the alleged statements were made and properly excepted to, or search

through many hundred pages of evidence for what was said by a witness, if anything, that made the alleged statements of counsel prejudicial to appellant. The judgment is affirmed.