PRYOR v. MARINO.

[No. 20,175. Filed September 9, 1965. Rehearing denied October 27, 1965. Transfer denied March 13, 1967.]

*Kelley, Arnold & Kelley,* of Anderson, for appellant.

*Stewart & Austin,* of Anderson, for appellee.

WICKENS, J.—Plaintiff-appellee brought suit for his personal injuries. On trial before a jury he recovered and a judgment was rendered awarding him damages.

Appellant assigns as error the overruling of her motion for new trial. Specifications in the motion are alleged misconduct of appellee's counsel in final argument; that the damages are excessive; that the verdict is not sustained by sufficient evidence; and the failure of the court to give appellant's requested instructions Nos. 8, 9, 11, 12, 15, and 21. Of these, appellant voluntarily has waived the question of excessive

damage and the questions relating to instructions Nos. 11 and 21.

The evidence indicates that autos of appellant and appellee collided at the intersection of College Avenue and 8th Street in Anderson. Both were proceeding in opposite directions on 8th Street and each expected to make left turns at College. Each claimed to be right of center beginning to make the turn. The evidence was in complete conflict. There was ample evidence from which the jury might conclude that appellant was negligent, that her negligence was the proximate cause, and that appellee was without fault contributing to his own injury. His testimony, supported by a disinterested witness, was that his car was stopped on his own right side of the street, turn signals flashing an expected left turn, ready to head across the center of 8th Street into College Avenue, when appellant applied her brakes and skidded across the center, her front bumper striking the left front of his car.

Where the evidence is in conflict, it will not be weighed upon appeal. We must consider only that evidence and the inferences therefrom most favorable to the verdict where the assignment questions its sufficiency. *Isenhour* v. *Speece, Admr., et al.* (1958), 238 Ind. 293, 296, 150 N. E. 2d 749; *Booth et al.* v. *Town of Newburgh* (1958), 237 Ind. 661, 663, 147 N. E. 2d 538.

We find that although the evidence is in conflict, it is ample to support the verdict.

Questions are raised on the instructions which the court refused to give. These are appellant's tendered instructions Nos. 8, 9, and 12, all directed to the subject of contributory negligence. Without passing on the merits of the tendered instructions, we have proceeded to examine the instructions on this subject given by the court. On its own motion, the trial court gave its own instructions Nos. 2 and 3. These advise the jury what contributory negligence is and that the burden of establishing it is on the defendant. Also, the court

did give appellant's tendered instruction No. 10 on the same subject. Without approving its use of the phrase "guilty of contributory negligence" we quote the instruction verbatim to show that the trial court did not overlook the subject of contributory negligence.

"The defense of contributory negligence is an issue in this case. If you find from a preponderance of the evidence that the plaintiff failed to use reasonable care to avoid injury to himself and that such failure proximately contributed to cause his injuries of which he now complains, then the plaintiff was guilty of contributory negligence and cannot recover from the defendants, even though the defendants may have been guilty of negligence."

Recalling that the foregoing was given on invitation of appellant, and that the court gave the two other instructions on this subject, we cannot agree with appellant's contention that the court did not adequately cover contributory negligence in instructions.

Appellant also complains of the failure to give her requested instruction No. 15, which says if the defendant acted as the ordinary reasonable and prudent person under the same or similar circumstances, the verdict should be for the defendant.

The court did instruct that the plaintiff, to recover, must prove all of the material allegations of the complaint; that the burden of proving negligence was on the plaintiff. It also defined reasonable and ordinary care as such care as a reasonably careful and ordinarily prudent person would exercise under the same or like circumstances. This, in our opinion, satisfied the requirements. There was no special theory on the part of appellant involved in her requested instruction No. 15. It is not error to refuse an instruction when the subject thereof is fully covered by other instructions given. *Ellis et al.* v. *Haines* (1963), 134 Ind. App. 528, 538, 188 N. E. 2d 835.

The alleged misconduct consists of a remark attributed to counsel for plaintiff-appellee in his summation to the jury,

wherein he is supposed to have said: "Plaintiff is entitled to a $15,000 verdict and that will not hurt this defendant." Appellant asserts that the quoted statement coupled with a voir dire question relating to ownership or employment by a named insurance company, led the jury to conclude improperly that there was an insurer with some interest in this case.

Before passing on the harm, if any, caused by this alleged remark, we are required to see if the matter is properly in the record before this court. Appellee contends that no question is presented on appeal because such remark must be set out in a bill of exceptions including the objection to the remark and the ruling of the trial court.

Appellant did present a document termed "BILL OF EXCEPTIONS NO. I, CONTAINING THE EVIDENCE GIVEN ON HEARING ON MOTION FOR NEW TRIAL." It contains affidavits reciting that appellee's attorney made the remark quoted and that appellant's counsel objected and requested the court to admonish the jury to disregard the statement and the court overruled the objection and refused admonition. The advantage of a proper bill of exceptions is apparent; by it the facts as to the remark, the objection, and the ruling would all be set forth verbatim. The trial judge would be required to certify as to the actual happenings at the trial. Instead we are confronted with affidavits, somewhat self-serving, the facts of which the judge has not certified as true or complete. The conclusion of affiants that "admonition was refused," tells too little. From common knowledge we know an admonition might be refused while the judge at the same time and by the same remark might negate counsel's statement. The judge's statement to the Bill of Exceptions No. I certifies only that the affidavits were presented *at the hearing on the motion for a new trial.* There is no showing, except by affidavit, as to what occurred at the trial.

Appellee has adequately questioned the right of this court to consider the alleged impropriety. We are required to hold

that this alleged misconduct can only be brought into the appeal record by a bill of exceptions certifying what was done and said at the trial together with objections, motions, and rulings of the court. Affidavits made a part of a motion for new trial present no question here. *Dull* v. *State* (1962), 242 Ind. 633, 638, 180 N. E. 2d 523; *Spry* v. *Logansport, etc., Trust Co., Exr.* (1922), 191 Ind. 522, 528, 133 N. E. 827; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 636, 93 N. E. 2d 363, (Transfer denied).

From the holding in the *Dull* case, we conclude that Rule 1-15 of our Supreme Court does not permit making alleged misconduct a part of the record by affidavit and that despite this rule, no question of misconduct can be considered where the facts occurring at the trial are not presented by a bill of exceptions.

The judgment of the trial court is affirmed.

Prime, P. J., Carson and Faulconer, JJ., Concur.

NOTE.—Reported in 209 N. E. 2d 913.