HOPPLE ET AL. *v.* STAR CITY ELEVATOR CO., INC., ET AL.

[No. 20,403. Filed March 22, 1967. Rehearing denied May 4, 1967. Transfer denied September 13, 1967.]

*Kizer & Neu* and *Marshall Kizer*, both of Plymouth, for appellants.

*Joseph A. Noel,* of Kokomo, and *Paul W. Harris,* of Indianapolis, for appellees.

FAULCONER, J.—Appellants appeal from an adverse judgment on their suit against appellees as proceedings supplementary to execution to collect a previously entered judgment rendered in favor of appellants against appellee, Star City Elevator Co., Inc.

Appellants' complaint for proceedings supplementary to execution, omitting caption and formal parts, is as follows:

"1. That on the 3rd day of January, 1962, the plaintiffs recovered a judgment in this the Marshall Circuit Court against the above named defendant, Star City Elevator Company, Inc. for $40,750.00 and — costs.

"2. That thereafter on the 23rd day of January, 1962, plaintiffs caused an execution to issue thereon to the Sheriff of Pulaski County being the county wherein said defendant, Star City Elevator Company, Inc. then and now has its principal place of business.

"3. That thereafter on the 25th day of April, 1962, the sheriff of Pulaski returned said execution wholly unsatisfied, endorsed 'no property of defendant subject to execution found on which to levy this writ.'

"4. That no part of said judgment has been paid.

"5. That Guy H. Wilson, Robert E. Ortman, and Vernon Payne have property in their possession belonging to the defendant, Star City Elevator Company, Inc., the exact nature and extent of said property being unknown to the plaintiffs, but within the exclusive knowledge of said Guy H. Wilson, Robert E. Ortman and Vernon Payne.

"6. That said Star City Elevator Company, Inc. transferred all of its remaining assets to the Pulaski Farm Bureau Cooperative prior to said judgment; and that said transfer is void in that the Star City Elevator Co., Inc. failed to comply with the Indiana Bulk Sales Law; and that Pulaski Farm Bureau Co-op has property in its possession belonging to the creditors of the Star City Elevator Company, Inc.

"7. That the defendant, Star City Elevator Company, Inc. has no other assets or property subject to execution.

"WHEREFORE, the plaintiffs request that an order issue to defendants requiring them to appear before this court on the 20th day of Sept., 1963, at 9:30 A.M., to answer under oath concerning the property of the Star City Elevator Company, Inc.

"I affirm under the penalties of perjury that the above and foregoing representations are true and correct to the best of my knowledge and belief."

The cause was tried to the court, without a jury, and at the conclusion of all the evidence the court found in favor of defendants-appellees, and rendered judgment that plaintiffs-appellants take nothing by their complaint.

Appellants assign as error the overruling of their motion for new trial. All grounds for new trial except specification one, that "[t]he decision of the court is contrary to law" are waived for failure of appellants to support the same by cogent argument or citation of authorities as required by Rule 2-17(e) and (f), Rules of the Supreme Court, 1964 edition. *Indianapolis Morris Plan Corp. v. Sparks* (1961), 132 Ind. App. 145, 152, 172 N. E. 2d 899, (Transfer denied).

Appellees having failed to file answer brief, we will reverse if appellants demonstrate *prima facie* error.

Appellants contend that the decision of the trial court is contrary to law for the reason that the undisputed evidence shows appellees, Guy H. Wilson, Robert E. Ortman and Vernon Payne, had funds in their hands belonging to the Star City Elevator Co., Inc.

Generally, on proceedings supplementary to execution, the burden of proof is upon the judgment creditor. He must show affirmatively that the property sought to be reached is subject to execution, although where a judgment debtor admits that money was realized by sale of premises in which he was interested he has the burden of showing what disposition was made of the proceeds of such sale. 13 I. L. E., *Execution,* § 159, pp. 317-18; *Sherman et al* v. *Carvill* (1880), 73 Ind. 126, 127; *Lowry* v. *McAlister* (1882), 86 Ind. 543, 544.

It is only where the evidence is without conflict and leads inescapably to but one reasonable conclusion and the trial

court has reached a contrary conclusion, that the verdict or decision will be set aside on the gorund that it is contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

The evidence in this cause is such that would prevent us from holding that the judgment of the trial court is contrary to law under the above definition of that term. The evidence on the issue of whether appellees are in possession of assets belonging to the corporation of which they were directors is conflicting and appellants have not sustained their burden of affirmatively showing this court, on appeal, that there was no evidence of probative value to sustain the trial court's decision, or, stated otherwise, the unconflicting evidence shows that specific sums belonging to the corporation are in the hands of the appellees-directors.

Appellees previously filed herein a motion to affirm this judgment for alleged failure of appellants to comply with the rules of the Supreme Court of Indiana pertaining to appellants' brief. However, we prefer to decide cases on the merits when possible. Therefore, due to the decision we have reached in this opinion, the motion to affirm is overruled.

Appellants herein filed motion to reverse this cause for appellees' failure to file answer brief, which motion is overruled.

Judgment affirmed.

Cooper, C. J., Carson and Prime, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 321.