BAUGH ET AL. *v.* BRANUM.

[No. 20,496. Filed November 29, 1967. Rehearing denied January 3, 1968.]

*Robert F. McCrea* and *Appelgate & Dixon,* of Bloomington, for appellants.

*James R. Cotner, James H. Ferguson, Snyder, Bunger, Cotner & Harrell,* and *Ferguson, Berry, Ferguson & Bridges,* of Bloomington, for appellee.

PFAFF, C. J.—On July 30, 1960, the appellants, Donald Baugh and Gale Baugh, employed the appellee, Robert Branum, to perform a welding operation on an oil drum. When appellee's torch made contact with a metal bracket extending upward from the top of said oil drum, an explosion occurred causing injury to appellee.

The primary issues presented in the trial court revolved around the question of the appellants' alleged negligence and the appellee's alleged contributory negligence and alleged assumption of risk. These issues were raised in the testimony of both the appellants and the appellee, as well as other witnesses and concerned the welding of an oil drum belonging to appellants by the appellee.

The appellee, in his complaint, alleged that the appellants represented that they had complied with the prior instructions of the appellee to fill the oil drum with fuel oil before the welding operation; that the oil drum in addition to fuel oil contained a highly volatile substance unknown to appellee, and that the appellants should have known that such a substance would likely cause an explosion.

Trial was had by jury and a verdict returned for the appellee for $22,500.00. The appellants allege in their assignment of errors that the trial court erred in overruling their motion for a new trial. More specifically, they allege that:

> "The verdict of the jury is contrary to law in that Indiana law provides that he who contributes to his own injuries cannot recover under the doctrine of contributory negligence and the plaintiff testified that a welder never welded above the fuel level but testified he had in this particular case."

This court in *Jones* v. *Furlong, Admx.* (1951), 121 Ind. App. 279, 97 N. E. 2d 369, stated:

> "Contributory negligence is ordinarily a question of fact for the jury. It is only where the controlling facts are not in dispute and are susceptible of but one conclusion upon the part of reasonable men, that the question of contributory

negligence becomes one of law for the court. When the facts are of such nature and character as to be reasonably subject to more than one inference, the jury should be permitted to decide whether the party whose conduct is under inquiry was guilty of contributory negligence." See also *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 24 N. E. 2d 284; *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N. E. 2d 200; In *New York Central Railroad Company* v. *Cavinder* (1965), 141 Ind. App. 42, 211 N. E. 2d 502, at page 509, (Transfer denied), this court said:

"We do not weigh the evidence and substitute our judgment for that of the trial court or jury. Further, if there is evidence or reasonable inferences to support the verdict of the jury, we do not reverse on an assignment of the appellant that the verdict is contrary to law unless the appellant affirmatively shows that reasonable men could not have arrived at the same verdict or judgment." *Pokraka* v. *Lummus C.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Seidner* v. *Dill* (1965), 137 Ind. App. 177, 206 N. E. 2d 636; *Pryor* v. *Marino* (1965), 140 Ind. App. 503, 209 N. E. 2d 913, (Transfer denied); *Sheets* v. *Garringer, etc.* (1963), 135 Ind. App. 488, 194 N. E. 2d 757.

In the case at bar, the controlling facts and the evidence relevant to the issue of whether or not a welder in the exercise of due care would weld above the fuel line were in dispute, thus making this issue a question of fact for the jury.

In *New York Central Railroad Company* v. *Cavinder, supra,* this court further said that, "a review of the evidence and reasonable inferences which might be drawn therefrom, and considering all of the attending circumstances in this case, we are of the opinion that we cannot say as a matter of law that reasonable men could only have arrived at a conclusion different from that reached by the jury."

The appellants devote a considerable portion of their brief to a discussion of the doctrine of assumption of risk. However, their motion for a new trial is silent as to this theory of defense. The appellants by not raising the defense of assumption of risk in their motion for a new trial

waived the right to raise the issue on appeal. In any event there was a sharp conflict in the evidence relating to this defense. *Lee, etc.* v. *Dickerson* (1961), 131 Ind. App. 422, 171 N. E. 2d 698; *Sheridan* v. *State* (1955), 125 Ind. App. 271, 124 N. E. 2d 701; *Cadwell* v. *Teaney* (1927), 199 Ind. 634, 157 N. E. 51.[1]

Appellants further assign as error that the verdict was not sustained by sufficient evidence. Appellants set forth ■ six allegations which they contend the appellee had the burden of proving in the trial court:

"1. Appellant employed appellee to perform a welding operation.
"2. Appellee had given appellant prior instructions.
"3. Oil is not dangerous when subjected to the conditions created by the requested welding operation.
"4. What safety precautions had to be performed by appellant?
"5. The presence of any highly volatile substance in the drum or pump.
"6. What duty appellant owed apellee?"

Appellants allege that the evidence supporting each of appellee's allegations was insufficient to sustain a verdict in his favor.

This court in *Silverstein* v. *Central Furniture Co., Inc.* (1959), 131 Ind. App. 170, at page 176, 162 N. E. 2d 690, stated:

"This court will consider that evidence most favorable to the appellee, together with all the inferences reasonably

---

1. Subsequent to March 1, 1967 the procedure set forth in this opinion has been altered by Rule 1-14B of the Rules of the Supreme Court of Indiana, which is as follows "Rule 1-14B. New Trial—Memorandum. Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum. Adopted January 13, 1967. Effective March 1, 1967."

deductible therefrom and favorable to the cause. We will not reexamine or weigh the sufficiency of the evidence, since that function is entrusted to the trial court. The only function this court exercises on appeal is to see if there was some competent evidence, whatever its weight, to support the trial court's determination. *Heffington* v. *Trichnor* (1946), 116 Ind. App. 475, 65 N. E. 2d 500. If there is some competent evidence of probative value in favor of the trial court's judgment, it will be affirmed. *Noyer, Exr., et al.* v. *Ecker et al.* (1954), 125 Ind. App. 63, 119 N. E. 2d 902; *Haley* v. *Williams, Trustee, etc., et al.* (1955), 125 Ind. App. 377, 123 N. E. 2d 921. . . ."

It is the opinion of this court that the record presents sufficient evidence from which the jury could find for the appellee on each of the above mentioned issues.

Appellants also assign as error the refusal of the trial court to give appellants' instructions numbered 8, 12, 29, 30, and 31. The appellants present this contention for the court's consideration in their brief in the following manner:

"ERROR IN REFUSAL OF CERTAIN INSTRUCTIONS

"The final point of argument concerns certain instructions tendered by the appellants and refused by the court. Said instructions which were refused covered the subjects of reasonable care, proximate cause and contributory negligence.

"The failure of the trial court to give certain instructions of the defendant numbers 8, 12, 29, 30 and 31 was assigned as error in specification 4-b defendants' motion for new trial."

"The error, in this respect, was cumulative."

The appellants in presenting this alleged error have failed to comply with Rule 2-17 (d) of the Rules of the Supreme Court of Indiana, effective at the time of the taking of this appeal. Therefore under Rule 2-17 (f) of the above mentioned rules, they have waived these alleged errors on appeal.

Other matters are assigned as error, but from our review of the record of the case, we are of the opinion that none of

them disclose errors which should cause a reversal of the trial court's decision.

The judgment herein, based upon the authorities cited and the reasons heretofore stated, is now affirmed.

Judgment affirmed.

Bierly, Cook and Smith, JJ. concur.

NOTE.—Reported in 231 N. E. 2d 281.