ALLIANCE LUMBER AND COAL CO., INC. *v.* HILL ET AL.

[No. 20,473.  Filed April 18, 1968.  Rehearing denied July 2, 1968.
Transfer denied August 16, 1968.]

*William I. Marlatt,* of Gary, for appellant.

*Mario B. Tomsich,* and *Gerald N. Svetanoff,* of Gary, for appellees.

CARSON, C. J.—This is an appeal from the Starke Circuit Court. The appellant sued to recover on a written contract calling for the furnishing and labor in alterations of the appellees' residence and to foreclose a mechanic's lien filed against the property in the amount of $1,600.00. To the complaint, the appellees, Hill, Hill and Rucker, filed answer in two paragraphs. The first being denial under Rule 1-3 of the Rules of the Supreme Court of Indiana; and the second, set-

ting up an affirmative defense of payment to the plaintiff's agent.

The appellee, Gary Federal Savings and Loan Association, filed answer in two paragraphs; the first being under Rule 1-3 of the Rules of the Supreme Court of Indiana, and the second, alleging payment to the appellant's agent.

To the second paragraph of answer of appellees, Hill, Hill and Rucker, the plaintiff filed reply under Rule 1-3 of the Rules of the Supreme Court of Indiana and to the second paragraph of answer of the appellee, Gary Federal Savings and Loan Association, filed reply under Rule 1-3 of the Rules of the Supreme Court of Indiana.

Upon the issues thus formed by the pleadings, the cause was submitted to the court without jury and the court found against the plaintiff and for the defendants and rendered consistent judgment.

Plaintiffs filed a motion for a new trial alleging first that the decision is not sustained by sufficient evidence and second, that the decision of the court was contrary to law. The court overruled the motion for a new trial and this action is assigned as error in this court.

We have repeatedly held that a specification to the effect that the decision of the court is not sustained by sufficient evidence presents nothing for our consideration where the appeal is from a negative judgment. The rule was recently well-stated in the case of *Freeport Motor Casualty Co.* v. *Chafin* (1960), 131 Ind. App. 362, 170 N. E. 2d 819; *Ruegamer* v. *Haynes Stellite Company* (1960), 130 Ind. App. 695, 167 N. E. 2d 725; and *Von Cline* v. *Cline, Admrx.* (1960), 130 Ind. App. 473, 165 N. E. 2d 608.

The assignment that the decision of the court is contrary to law, necessitates application of the rule stated in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, herein set out:

"To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom."

See also; *Hinds, Executor Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553.

We have reviewed the evidence and conclude that giving effect to the evidence most favorable to the appellee together with all reasonable inferences that may be drawn therefrom, the decision of the court is not contrary to law and that the same should be affirmed.

Judgment affirmed.

Cooper, Faulconer and Prime, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 717.