ALLSTATE INSURANCE CO. *v.* MORRISON ET AL.

[No. 968A154. Filed April 8, 1970. Rehearing denied May 6, 1970. Transfer denied February 3, 1971.]

*Donald L. Tunnell, Yarling, Winter, Tunnell & Lamb,* Indianapolis, for appellant.

*Marshall E. Williams, Dulberger, Heeter, Johnson & Salb,* Indianapolis, for appellee Morrison.

SHARP, J.—On September 6, 1967, Appellee Robert J. Morrison filed a complaint charging negligence for personal injury and property damage designating Audrey L. Bailey as defendant, which complaint purported to result from an automobile collision between said Robert J. Morrison and Audrey L. Bailey and the case was tried by the court without the intervention of a jury, which trial resulted in a judgment for Robert J. Morrison in the sum of $25,000.00 and which judgment was entered on November 28, 1967. On February 6, 1968, Appellee Robert J. Morrison filed a petition in garnishment in which Appellant Allstate Insurance Company was designated as garnishee defendant, which petition in garnishment alleged as follows:

"1. That on the 28th day of November, 1967, this plaintiff recovered in this Court a judgment against the judg-

ment defendant in the sum of Twenty Five Thousand Dollars ($25,000) and costs.

2. That thereafter this plaintiff caused an execution to issue thereon to the Sheriff of Marion County, Indiana, same being the County wherein the judgment defendant then resided and does still reside; that said execution has been rendered unsatisfied, and that said judgment is still due and unpaid.

3. That said garnishee defendant issued a policy of insurance which the plaintiff contends covered the judgment defendant for the accident out of which and from which plaintiff obtained his judgment for Twenty Five Thousand Dollars ($25,000); that the garnishee defendant refuses to honor said policy or pay the judgment to plaintiff contending that there was no coverage for the accident involved; that from the information and facts in plaintiff's possession garnishee defendant did have coverage for the accident in question and is obligated to pay plaintiff's judgment."

On February 6, 1968, the trial court entered the following order to appear and answer interrogatories:

"Comes now the plaintiff in the above entitled action, who having filed a duly verified petition in garnishment, praying the Court for an order requiring the judgment defendant to appear in person and answer as to any property, assets, profits or income which she might have subject to execution and interrogatories directed to the garnishee defendant, having been filed in said action, and the Court having been requested to order said garnishee defendant to answer said interrogatories under oath concerning any assets, income or profits due or to become due to the judgment defendant or obligation due judgment defendant from the garnishee defendant, which said petition is in words and figures as follows to-wit:

### (H.I.)

And the Court, being duly advised in the premises, now orders the defendant Audrey L. Bailey to be and to appear in this Court in person at 9:00 o'clock a.m., on the 11 day of April, 1968, to answer as to any property, assets, income or profits which she might have subject to execution; and it is further ordered that the Sheriff of Marion County, Indiana, serve this order and make due return thereof.

It is further ordered by the Court that the garnishee defendant Allstate Insurance Company shall answer under oath the interrogatories concerning the assets, income or profits due or to become due to the judgment defendant or obligation due judgment defendant from the garnishee defendant, which said interrogatories are attached hereto and made a part of this order, and which said interrogatories shall be returned to this Court by registered mail or in person before the hearing date on said petition as hereinabove set forth."

Personal service of said order and interrogatories was made on Appellant Allstate Insurance Company. For the binding effect of such personal service on the garnishee defendant Allstate see *Ettinger* v. *Robbins,* 223 Ind. 168, 59 N. E. 2d 118 (1944). Appellant Allstate Insurance Company filed its answers to interrogatories in said cause on April 11, 1968. On April 23, 1968, the trial court entered the following judgment:

"Comes now the plaintiff by counsel and the judgment defendant in person and by counsel and the garnishee defendant by answer to interrogatories under oath and the plaintiff having filed his petition in garnishment and the Court having issued an order thereon, which petition and order are in the words and figures as follows, to-wit:

(H.I.)

And the matter being set down for hearing, as set out in the order on April 11, 1968, and after hearing testimony from the judgment defendant and her spouse, James C. Bailey, and after having examined the answer to interrogatories filed with the Court by the garnishee defendant through its agent, Richard Yarling, who was also present during said proceedings although he did not enter an appearance, and after hearing argument of counsel and being duly advised in the premises, the Court finds that plaintiff's petition in garnishment should be granted; that the insurance policy issued by the garnishee defendant to James C. Bailey covering the accident in which the plaintiff recovered judgment against Audrey L. Bailey, wife of James C. Bailey, was in full force and effect at the time of the accident.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that the plaintiff recover of and

from the garnishee defendant, Allstate Insurance Company, the sum of Twenty Five Thousand Dollars ($25,000) plus interest at the rate of six per cent (6%) from November 28, 1967, and costs of this action."

At the beginning of the hearing held in this cause on April 11, 1968, the following colloquy occurred:

"MR. DULBERGER: Your Honor, I would like the record to show that Mr. Yarling is present, and is counsel for Allstate.

MR. YARLING: If you please, Your Honor, I am not appearing as counsel. I have not filed an appearance in the case.

THE COURT: Let the record show Mr. Yarling is not appearing as counsel for Allstate."

On May 10, 1968, the Appellant Allstate Insurance Company as garnishee defendant filed its motion for a new trial which stated:

"1. The decision of the Court in issuing a final order in garnishment under date of April 23, 1968 against this garnishee defendant is not sustained by sufficient evidence.

2. The decision of the Court in issuing a final order in garnishment under date of April 23, 1968 against this garnishee defendant is contrary to law."

Said motion for new trial was overruled by the trial court on June 28, 1968, and such ruling is the sole assignment of error here.

The Appellant Allstate Insurance Company answered interrogatories under oath. Such answers were introduced into evidence at the garnishment hearing. In general these answers show that Allstate issued an automobile liability insurance policy to the husband of the Appellee Audrey L. Bailey, James C. Bailey, which provided for liability coverage for the operation of a certain 1966 Chevrolet sedan automobile when operated by either James C. Bailey or Audrey L. Bailey. The policy provided for the payment of premiums in installments. The initial premium of $35.00 was paid on October 26,

1966, and the second installment of $39.00 was paid in December, 1966, the third premium installment of $54.50 was due January 27, 1967, and was receipted by Allstate on April 1, 1967, at 1:00 o'clock P.M. Allstate claims that said policy was cancelled by the mailing of notice of cancellation by first class United States mail, postage prepaid, on February 22, 1967, addressed to James C. Bailey and his loss-payee. Allstate was notified of the Morrison-Bailey accident and made an investigation. Allstate was advised of the filing of the *Morrison* v. *Bailey* lawsuit by letter on September 11, 1967, which included a copy of the complaint, but elected not to defend the case. Allstate was also advised of the judgment entered on November 28, 1967, but refused to pay the same, contending that the policy in question was not in effect on April 1, 1967, at the time of the collision because it had been cancelled for non-payment of premium. The accident in question occurred at 9:13 o'clock A.M. on April 1, 1967, and Allstate asserts it did not receive it until 1:00 o'clock P.M. on April 1, 1967. Allstate attached to its answers to interrogatories a computer print-out sheet showing a list of names and addresses, including the name and address of James C. Bailey together with the policy number and the notation "10-27".

The cancellation clause of the policy in question is as follows:

> "Allstate may cancel this policy by mailing, to the insured named on the Supplement Page at his address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

Appellee Bailey's husband testified that he never received any notice of cancellation from Allstate concerning this policy in question before April 1, 1967. (It is also undisputed that on April 19, 1967, the casualty supervisor for Allstate mailed a disclaimer letter to Appellee Bailey and there is no dispute that such was received by Appellee Bailey. However,

the mailing and receipt of the April 19, 1967, disclaimer letter is not in any way an issue in this case.)

The only contention made in Appellant Allstate's motion for a new trial is that the final order in garnishment is not sustained by sufficient evidence and is contrary to law. The memorandum in support of said motion filed pursuant to Rule 1-14B of the Rules of the Supreme Court stated:

"1.   The decision of the Court in issuing a final order in garnishment under date of April 23, 1968 against this garnishee defendant is not sustained by sufficient evidence in the following particulars: No evidence of probative value was introduced at the garnishment hearing of April 11, 1968 to prove the allegations in the garnishment petition that the garnishee defendant issued a policy of insurance covering the judgment defendant for the accident out of which the plaintiff obtained a judgment in the amount of $25,000.00. No evidence of probative value was introduced at said hearing to prove that this garnishee defendant was holding any assets, funds or other property belonging to the judgment defendant so as to sustain the Court's issuing said final order in garnishmant against this garnishee defendant.
2.   The decision of the Court in issuing a final order in garnishment under date of April 23, 1968 against this garnishee defendant is contrary to law in the following particulars: It is not sustained by sufficient evidence."

In its Briefs and in Oral Argument the Appellant Allstate has attempted, in one fashion or another, to raise for the first time here the question of the sufficiency of notice or process and jurisdiction over its person. However, the record in this case is absolutely void of any such contentions in the trial court. The Appellant Allstate chose to submit its person to the jurisdiction of the trial court by (1) answering interrogatories and (2) filing a motion for new trial, attacking only the merits of the decision, i.e., sufficiency of evidence. A general appearance waives any question as to sufficiency of notice, process or jurisdiction over the person. See *Dept. of Insurance* v. *Motors Insurance Corp.*, 236 Ind. 1, 138 N. E. 2d 157 (1956). The filing of a motion for a new

trial on non-jurisdictional grounds constitutes a general appearance. *Perkins* v. *Hayward,* 132 Ind. 95, 31 N. E. 670 (1892). See also 31 A. L. R. 2d 262, § 15, page 283, which states:

> "Where one, in moving for the vacation of a judgment or order asks for a new trial, or, equivalently, asks that the judgment or order be opened up and that he be let in or permitted to answer or defend on the merits, it is held that he thereby enters a general appearance in the action or proceeding."

Therefore, the only question for consideration in this appeal is the sufficiency of the evidence to sustain the decision of the trial court. In this regard it is elementary that a reviewing court will consider only the evidence most favorable to the Appellee and all inferences reasonably deducible therefrom. *Isenhour* v. *Speece,* 238 Ind. 293, 150 N. E. 2d 749 (1958); *Booth* v. *Town of Newburgh,* 237 Ind. 661, 147 N. E. 2d 538 (1958); *Pokraka* v. *Lummus Co.,* 230 Ind. 523, 104 N. E. 2d 669 (1952); *General Electric Co.* v. *Fuelling,* 142 Ind. App. 74, 232 N. E. 2d 622 (1968); *Alliance Lumber & Coal Co., Inc.* v. *Hill et al.,* 142 Ind. App. 497, 235 N. E. 2d 717, 14 Ind. Dec. 49 (1968); and *Freeman* v. *King,* 141 Ind. App. 655, 231 N. E. 2d 161 (1967).

Likewise, a reviewing court will disregard conflicting evidence and assume that evidence to support the finding is true and will give it every inference reasonably and favorably to be drawn from it. *Stayner* v. *Nye,* 227 Ind. 231, 85 N. E. 2d 496 (1949); *Klingaman* v. *Burch,* 216 Ind. 695, 25 N. E. 2d 996 (1940); *Mazelin* v. *Rouyer,* 8 Ind. App. 27, 35 N. E. 303 (1893).

A reviewing court will not weigh the evidence or pass upon the credibility of witnesses. *Hinds* v. *McNair,* 235 Ind. 34, 129 N. E. 2d 553 (1955); *McCray Memorial Hospital* v. *Hall,* 141 Ind. App. 203, 226 N. E. 2d 915 (1967); and *Kraus* v. *Kraus,* 235 Ind. 325, 132 N. E. 2d 608 (1956).

If there is some evidence or reasonable inference that may be drawn therefrom to sustain each material element, the judgment will be affirmed. *Watson* v. *Watson,* 231 Ind. 385, 108 N. E. 2d 893 (1952) ; *New York Central R. Co.* v. *Milhiser,* 231 Ind. 180, 106 N. E. 2d 453, reh. den. 108 N. E. 2d 57 (1952) ; *Sims Motor Transport Lines* v. *Davis,* 126 Ind. App. 344, 130 N. E. 2d 82 (1955) ; *Armstrong Cork Co.* v. *Maar,* 124 Ind. App. 105, 111 N. E. 2d 82, reh. den. 112 N. E. 2d 240 (1953). See also, *Baugh* v. *Branum,* 141 Ind. App. 679, 231 N. E. 2d 281 (1967).

The above rules have been given application to garnishment proceedings. See *Hopple* v. *Star City Elevator Co.,* 140 Ind. App. 561, 224 N. E. 2d 321 (1967).

The only remaining issue is the question of mailing of notice of cancellation of the policy in question. In the answers to interrogatories filed by the Appellant Allstate there is the statement with reference to said policy that "it was cancelled by the mailing of notice of cancellation by first class United States mail, postage prepaid, on the 22nd day of February, 1967, to James C. Bailey . . ." In addition there was attached thereto the computer print-out sheet showing the name and address of Mr. Bailey, the policy number and the notation "10-27". Also, there was the unequivocal testimony of Mr. Bailey that he never received such notice. On the issue of mailing notice of cancellation the facts in this case are substantially the same as in *United Farm Bureau Mutual Insurance Company* v. *Ted S. Adams and Joan Adams,* 145 Ind. App. 516, 251 N. E. 2d 696, 698 (1969), in which this court stated:

"The main issue before this court is whether the evidence that appellant mailed the notice of cancellation is undisputed, without conflict and can lead only to the conclusion that appellants did indeed mail the notice. In so doing, we must examine that evidence in a light most favorable to appellees. However, before moving to that task, we are moved to remark that the method in which this question is brought before the court is very appropriate in light of the

important policy considerations inherent in the situation. Notice of motor vehicle liability insurance cancellation touches an area of public interest far beyond the scope of the relationship of the parties before us. The dangers of driving uninsured vehicles are obvious. Not only may one be subjected to the risk of a large financial liability at the hands of a negligently injured person, but the opportunity for that other injured party to gain a reasonable amount of damages for his injury is considerably lessened. It is for the benefit of every driver and passenger on our roads today, as well as ourselves, that we carry liability insurance. When this protection is being cancelled, public policy demands a strict compliance with the procedure involved so that the insured, or former insured, may be given reasonable opportunity to make other insurance arrangements before his old coverage is denied. See also, *Moore* v. *Vernon Fire & Cas. Ins. Co., supra.* [142 Ind. App. 334, 234 N. E. 2d 661 (1968).

Relevant to the issue of mailing the notice, the appellant introduced two documents into evidence at the trial. Plaintiff's Exhibit E was a list of names and addresses. Beside each name was a check and a short line, signifying the return of unearned premium check was enclosed, and that the letters and checks were properly matched and in order. In one corner of the paper is a postage meter strip showing $0.65 and a stamp in purple ink showing the date and town. This exhibit was introduced through the testimony of the office manager, who admitted he did not place the meter strip or the stamp upon the page, did not see it affixed, and did not then mail the letters himself. The exhibit was introduced not as proof of mailing, but as proof of the office procedure concerning the mass mailings of cancellations. There was no testimony as to where the meter strip and stamp were affixed. There was testimony that approximately 1200 such cancellation letters and checks were sent out on April 3, 1967, from the same office. In connection with Exhibit E it is pertinent to note there was no direct testimony by anyone who had taken the letters to the post office or by anyone who did the actual handling of the letters themselves. There was no signature at the bottom of the page by the employee whose duty it was to make sure the letters were mailed to either verify his act or to refresh his recollection. The appellee, Ted S. Adams, testified without reservation that no notice of the cancellation was received.

Plaintiff's Exhibit F was a list of names and check num-

bers signifying checks issued by the appellant which had not been cashed. The names of the appellees and the amount and check number appear on the list. The fact that the check made out to the appellees was not cashed is in no way helpful to appellant in proving the letter containing the check was mailed.

\* \* \* \* \* \* \* \*

After reviewing the evidence presented by appellant, we cannot say as a matter of law that the evidence established the letter of cancellation was in fact mailed to the appellees. This is an appeal from a negative verdict. The absences and lapses in the evidence leave room for doubt as to whether or not this one specific letter ever found its way to the post office. In this context the trial court could have properly determined that the appellant did not sustain its burden of proof with reference to the issue of mailing."

The answers to interrogatories of Appellant Allstate on the issue of mailing of notice of cancellation are not conclusive on this issue on appeal where there is conflicting evidence that will support the decision of the trial court. In *The Toledo, Wabash and Western Railway Co. et al.* v. *Howes,* 68 Ind. 458, 463 (1879), our Supreme Court stated:

"But we are clearly of the opinion, that in proceedings supplementary to execution, instituted under section 522 of the code, against the execution defendant and either his debtor or the custodian of his property, the answers of the defendants under oath, in denial either of the possession of such property or of the existence of the alleged indebtedness, are not final and conclusive upon any question of fact involved therein; but, as to any such question, pleadings may be filed, and issues, either of law or of fact, may be joined by and between the plaintiff and the defendants or either of them, or by and between the defendants, and such issues so joined may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings."

In this case there is sufficient evidence on the issue of mailing of notice to support the decision of the trial court. Actually the specific facts as to the mailing of notice in this case

are less substantial than those in the *United Farm Bureau* case.

In its briefs the Appellant Allstate argues that garnishment is not a proper remedy as there was no evidence proving assets or property in possession of garnishee owing to judgment defendant. In Oral Argument Appellant's counsel explicitly admitted that it is possible to reach an automobile liability policy in garnishment proceedings. Since this is an important question we deem it better to discuss it rather than to rely on any possible waiver by Appellant's counsel in Oral Argument.

The pertinent sections of the Burns Indiana Statutes Annotated pertaining to garnishment are:

> "2-4403 [883]. Other persons required to answer after issue and return.—After the issuing or return of an execution against the property of the judgment debtor or any one of the several debtors in the same judgment, and upon an affidavit that any person, corporation, municipal or otherwise, the state or any subdivision or agency thereof has property of such judgment debtor, or is or will be from time to time indebted to him in any amount, although the amount shall be determined from time to time as it becomes due and payable, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, or the auditor of state or auditing officer of the municipal corporations, subdivisions or agencies of the state, may be required to appear and answer concerning the same, as above provided: Provided, That such person or persons above named shall not be required to appear personally in court unless the judge of the court shall order the personal appearance in court of any such person or persons, and the court may order interrogatories to be submitted, and the same to be answered by such person or persons, and such interrogatories shall be submitted by the parties and a copy thereof, with blanks for answer, and a copy of the order of the court ordering the same answered shall be transmitted to the person, corporation, or any member thereof, or the auditor of state or auditing officer of the municipal corporations, subdivisions or agencies of the state required to answer the same by the clerk of the court, by registered

mail, and on receipt of such interrogatories and such order, such person, corporation or any member thereof, or the auditor of state or auditing officer of the municipal corporations, subdivisions or agencies of the state shall answer such interrogatories and return the same to such clerk by registered mail or personally and such court shall have full power to compel answers thereto. [Acts 1881 (Spec. Sess.), ch. 38, § 596, p. 240; 1937, ch. 84, § 3, p. 440; 1943, ch. 163, § 1, p. 483.]"

"2-4406 [886]. Orders of court as to property lien.—Upon the hearing, the judge of the court may order any property, income or profits, of the judgment debtor, not exempt from execution, in the hands either of himself or of any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers or [of] property and choses in action; and the judge may order that the judgment or execution shall be a continuing lien upon the income or profits of the judgment debtor in the hands either of himself or any other person, governmental officer or corporation from the date such order is served upon the person, governmental officer or corporation indebted to the judgment debtor to the extent that such income or profits are not exempted by law: Provided, Such lien shall not exceed ten per centum [10%] of such income or profits and shall not, when added to all similar liens prior thereto, increase the total of all of such liens to a percentage greater than ten per centum [10%] of the income and profits of the judgment debtor; and such judge or court shall have full power to enforce all orders and decrees in the premises, by attachment or otherwise. [Acts 1881 (Spec. Sess.), ch. 38, § 598, p. 240; 1937, ch. 84, § 4, p. 440; 1941, ch. 228, § 1, p. 803.]"

The general rule is well stated in 38 Corpus Juris Secundum, *Garnishment*, § 110, page 318:

"Where plaintiff in an action for damages has recovered judgment, he may garnish defendant's claim under a policy insuring him against liability for damages of the kind recovered by plaintiff against him. This has been held to be the rule even where the policy provides that no action shall be brought on the policy except by assured, unless such provision is held to have the effect of making the policy one of indemnity against loss rather than one of insurance against liability. The fact that the policy expressly authorizes a creditor to sue insurer, or that the

creditor has other remedies, such as a creditor's bill, does not preclude garnishment. The fact that insurer denies liability on the policy does not render the claim contingent so as to exempt it from garnishment. The general rule, stated *supra* § 26, that garnishment is predicated on the existence of a cause of action by the debtor against the garnishee applies; if the debtor can sue insurer, the creditor can garnish, but if the debtor has no cause of action against insurer, the creditor cannot garnish."

See also, 7 Am. Jur. 2d, *Automobile Insurance,* § 210; Couch on Insurance 2d, Vol. 18, § 74.98, page 311; Appleman Insurance Law and Practice, Vol. 22, § 1495, page 608; and Blashfield, Automobile Law and Practice, 3d ed., Vol. 8, § 341.6, page 235.

In dealing with this question under a garnishment statute similar to our own, the Supreme Court of Illinois in *Zimek* v. *Illinois National Casualty Co.,* 370 Ill. 572, 19 N. E. 2d 620, 622 (1939), stated:

"The contention of the casualty company is that the claim against it is not subject to garnishment because it is contingent and unliquidated. The statute permits garnishment process against any person 'supposed to be indebted' to the judgment debtor. Ill. Rev. Stat. 1937, chap. 62, § 1. This court has recognized the general rule that the indebtedness sought to be garnisheed must be a liquidated sum due without contingency at the date when the answer to the garnishment suit is filed. *Wheeler* v. *Chicago Title & Trust Co., supra; Capes* v. *Burgess,* 135 Ill. 61, 25 N. E. 1000. Usually it must be a claim on which the judgment debtor, himself, could have maintained an action against the garnishee. Shinn on Attachment and Garnishment, secs. 475-483; 28 Corpus Juris, p. 44. In the present case it is said the claim is contingent because the casualty company denies that it is liable to Zimek under the terms of the policy of insurance. But defendant misconceives the nature of the contingency contemplated by the rule. A contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependant upon some condition as yet unperformed. *Grand Lodge, I.O.O.F.* v. *Troutman,* 80 Kan. 441, 103 P. 94. Here, whatever right Zimek has against the company has vested; all the events which can fix the garnishee with liability have taken

place. It only remains to be determined whether those events make the casualty company liable to Zimek. This issue may properly be decided by garnishment proceedings. When the garnishee denies liability, one of the objects of the garnishment suit is to ascertain whether there is a debt due from the garnishee to the judgment debtor. *Fentress* v. *Rutledge,* 140 Va. 685, 125 S.E. 668. Thus, the denial of liability by the garnishee does not create a contingency which will prevent garnishment. If we held otherwise, garnishment process by a creditor could be defeated in every case by the garnishee's denial of indebtedness to the judgment debtor."

Thus, it is clear under the law of Indiana and under the above cited provisions of our statutes pertaining to garnishment that a judgment creditor is able to reach his judgment debtor's insurer through garnishment proceedings. If the garnishee defendant insurer denies its indebtedness it has the right under our garnishment statute to appear and show it is not indebted to the judgment debtor. In this case the Appellant had the right to appear and present its defense of cancellation rather than merely rest on its answers to interrogatories. It obviously chose not to do so.

We find that the judgment of the trial court is sustained by sufficient evidence. The judgment is affirmed. Costs v. Appellant.

Hoffman, P.J., Pfaff and White, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 918.