**Donald R. L. SNODGRASS,
Appellant–Plaintiff,**

v.

**Danny R. BAIZE, Executor of the Estate of Oscar A. C. Baize, Deceased, Judgment Defendant,**

**Penn Mutual Fire Insurance Company, Appellee–Garnishee Defendant.**

**No. 2–378A105.**

Court of Appeals of Indiana, Second District.

Aug. 14, 1980.

whether the 18 age period or 21 age period applies to this controversy since, in either case, the period has run.

Frederick J. Graf, Martz, Beattey, Hinds & Wallace, Indianapolis, for appellant-plaintiff.

R. Stanley Lawton, William L. Skees, Jr., Ice, Miller, Donadio & Ryan Indianapolis, for Penn Mut. Fire Ins. Co.

John T. Manning, Wausau, Wis., for Danny R. Baize, Executor of the Estate of Oscar A. C. Baize, Deceased.

SULLIVAN, Judge.

## OPINION ON PETITION FOR REHEARING

Judgment creditor Donald Snodgrass petitions for rehearing. In our original opinion filed May 29, 1980, 405 N.E.2d 48, we affirmed the trial court's determination that Snodgrass was not entitled to insurance proceeds from Penn Mutual Fire Insurance Company (Penn Mutual).

We briefly restate the facts. Snodgrass was shot by Oscar Baize who had a policy with Penn Mutual which covered negligent, but not intentional, injury to others. Snodgrass recovered a judgment against Baize based on negligence. He then, by means of a proceeding supplemental, sought to satisfy the judgment through recovery of insurance proceeds. For reasons stated in our earlier opinion, Penn Mutual was permitted to defend this action and introduced evidence which supported the trial court's finding that the shooting was outside the policy coverage.

We wish to clarify a statement made in our original opinion. Therein we said that Snodgrass had the burden of proof in the proceeding supplemental, 405 N.E.2d at 55. Snodgrass challenges this statement and relies on *Allstate Insurance Co. v. Morrison* (1970) 146 Ind.App. 497, 256 N.E.2d 918, as authority. In *Morrison* the insurance company's answers to interrogatories stated that the insured had been sent a notice of cancellation prior to the accident which was the basis of the suit. The insured testified that he had not received a notice of cancellation. The Court of Appeals refused to reweigh the evidence and found that there was sufficient evidence to support the trial court's determination that the policy was in effect at the time of the accident.

In a proceeding supplemental, the burden of proof is on the judgment creditor. *Hinds v. McNair* (1955) 235 Ind. 34, 129 N.E.2d 553; *Hopple v. Star City Elevator*

*Co.* (1967) 140 Ind.App. 561, 224 N.E.2d 321. In the instant case, Snodgrass established a prima facie case by presenting evidence of his judgment, the insurance policy and facial coverage under the policy, i. e., the policy provided coverage for bodily injury due to an accident caused by the insured. It then became incumbent upon Penn Mutual to go forward with evidence sufficient to create a genuine question of fact. The insurance company introduced evidence that Baize's act was intentional and, thus, not covered by the policy. The trial court, faced with a conflict in the evidence, resolved the conflict in Penn Mutual's favor. On appeal we will not reweigh the evidence. *Allstate Insurance Co. v. Morrison, supra,* 256 N.E.2d 918.

Our statement regarding the burden of proof is not inconsistent with the holding in *Morrison.*

The petition for rehearing is denied.

MILLER (participating by designation), and SHIELDS, JJ. concur.