## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 08 2020, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

James Stephens
Greencastle, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M. L. Jones
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Stephens,
*Appellant-Defendant,*

v.

Brian Smith,
*Appellee-Plaintiff*

September 8, 2020

Court of Appeals Case No.
19A-MI-2136

Appeal from the Putnam Superior Court

The Honorable Charles D. Bridges, Judge

Trial Court Cause No.
67D01-1904-MI-252

**May, Judge.**

James Stephens appeals the trial court's denial of his petition for writ of habeas corpus. He presents multiple issues for our review, which we consolidate and restate as:

> 1. Whether Stephens' petition for writ of habeas corpus was the appropriate filing for the relief Stephens requested;
>
> 2. Whether Stephens' appeal is untimely; and
>
> 3. Whether the trial court erred when it denied Stephens' request to reinstate his good time credit ("GCT").[1]

We affirm.

## Facts and Procedural History

On November 3, 1999, a Marion County trial court sentenced Stephens to twenty years for one count of Class B felony burglary[2] ("Count I"), twenty years for a second count of Class B felony burglary ("Count II"), three years for Class D felony theft,[3] and three years for Class D felony attempted theft.[4] The

---

[1] The parties and the record use various terms for the credit days that Stephens argues he should have reinstated. Stephens refers to this time as "earned good time credits," (Appellee's App. Vol. II at 5), and "earned credit time." (Br. of Appellant at 4.) The State refers to the time as "deprived credit time" (Br. of Appellee at 2), and "good time credit." (Appellee's App. Vol. II at 13.) The trial court's order calls the time both "good time credit" and "credit time[.]" (Appellant's App. Vol. II at 13-4.) To alleviate confusion, we will refer to the time as "GCT."

[2] Ind. Code § 35-43-2-1 (1999).

[3] Ind. Code § 35-50-2-7 (1999).

[4] Ind. Code § 35-50-2-7 (1999) (theft); Ind. Code § 35-41-5-1 (1977) (attempt).

sentences for the burglary counts were to run consecutive to each other, and the theft sentences were to run concurrent to each other but consecutive to the burglary sentences, for an aggregate sentence of forty-three years incarcerated. On November 17, 1999, another Marion County trial court sentenced Stephens to fourteen years for another count of Class B felony burglary, which was to run consecutive to the sentences for his other crimes. Stephens' earliest projected release date is September 29, 2027. Indiana Offender Database, https://perma.cc/MA9M-XUA5 (accessed August 18, 2020).

[3] Between 2003 and 2010, Stephens violated various disciplinary rules at the DOC, including use of an unauthorized drug, forging documents, and attempted trafficking. For those violations, the Indiana Department of Correction ("DOC") deprived Stephens of 1,685 days of GCT. Under the DOC's 2004 version of the Disciplinary Code for Adult Offenders ("2004 Disciplinary Code"), an offender could petition the designated prison staff member for restoration of GCT if the offender met certain criteria. (*See* Appellee's App. Vol. II at 45) (describing 2004 conditions under which GCT may be restored). On March 5, 2009, Stephens met the criteria for restoration of GCT and received restoration of fifty-seven days of GCT.

[4] On March 5, 2010, Stephens was paroled from his sentence for Count I and began serving his twenty-year sentence for Count II. On April 20, 2010, Stephens again committed attempted trafficking and was deprived thirty days of GCT on his sentence for Count II. On May 9, 2011, Stephens requested and received restoration of eight days of GCT, which was the maximum amount

available under the 2004 Disciplinary Code. In 2015, the Disciplinary Code for Adult Offenders ("2015 Disciplinary Code") was amended to indicate offenders could receive restoration of "fifty percent (50%) of the cumulative amount of restorable [GCT]." (*Id*. at 98.) In September 2018, Stephens filed a second request for restoration of the days of GCT deprived in 2010, and the DOC granted restoration of an additional seven days GCT.

[5] On April 25, 2019, Stephens filed a petition for writ of habeas corpus, asking the trial court to restore 1,650[5] GCT days that he lost between 2003 and 2019. He argued the DOC used the wrong version of the Disciplinary Code for Adult Offenders to determine the amount of GCT to be restored. He asked the trial court to restore the 1,650 days of GCT, which "increases his release date by four (4) years and eight months." (Appellee's App. Vol. II at 5.) Stephens asserted the restoration of that time would result in his release from prison.

[6] On June 18, 2019, the State responded with a motion to dismiss or, in the alternative, summary disposition. The State argued for dismissal of Stephens' petition for writ of habeas corpus because a writ of habeas corpus could not issue when the relief Stephens requested in his petition would not result in his immediate release from incarceration. The State further argued that Stephens was not entitled to restoration of the 1,628 days of GCT under Count I because he had already served the entirety of the sentence for Count I and that Stephens

---

[5] The number of days should actually be 1,643 based on the total number of earned time credit deprived, which is 1,715, minus the total number restored, which is 72.

was not entitled to further restoration of the GCT under Count II because the DOC had restored the maximum amount of GCT allowed by policy.

[7] On June 21, 2019, the trial court granted the State's motion for summary disposition and denied Stephens' petition for writ of habeas corpus, finding, in relevant part:

> 3. Petitioner has not demonstrated that a writ of habeas corpus can issue in this case because he cannot show that he is entitled to immediate release from unlawful custody.
>
> * * * * *
>
> 5. Petitioner's claim further lacks merit because he cannot obtain restoration of his [GCT] for a sentence that he has already completed serving, and he has already received all of the [GCT] that he is entitled to under his current sentence.

(Appellant's App. Vol. II at 13.) On July 12, 2019, Stephens filed a motion to reconsider because he claimed the trial court erred when it did not give him an opportunity to respond to the State's motion for summary disposition. On July 29, 2019, the trial court denied the motion.

# Discussion and Decision

[8] As an initial matter, we note that Stephens proceeded before the trial court and proceeds before this court pro se. It is well settled that

> one who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and,

therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. The purpose of our appellate rules, Ind[iana] Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.

*Ramsey v. Review Bd. of Indiana Dept. of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (internal quotation marks and citations omitted).

## 1. Petition for Writ of Habeas Corpus

Stephens challenges the trial court's finding that he had "not demonstrated that a writ of habeas corpus can issue in this case because he cannot show that he is entitled to immediate release from unlawful custody." (Appellant's App. Vol. II at 13.) He argues "an action for restoration of [GCT] fall[s] within the core of Habeas Corpus because they go directly to the constitutionality of the prisoner's confinement itself and seek either immediate release or a shortened length of confinement." (Br. of Appellant at 8) (errors in original). A petitioner is entitled to a writ of habeas corpus only if he "is unlawfully incarcerated and is entitled to immediate release." *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008).

Here, Stephens did not request immediate release because his requested remedy, restoration of GCT, would result in a reduction of his sentence by

approximately four years and eight months. While the trial court found it could not consider Stephens' petition as one for habeas corpus, it also made a finding regarding the merits of his request, and thus treated his improperly-filed petition as one for post-conviction relief, which was permissible.[6] *See Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016) (because Grayson was not claiming he was entitled to immediate release, the trial court did not err when it considered his petition for a writ of habeas corpus as one for post-conviction relief).

## 2. Untimely Appeal

The State contends Stephens' appeal is untimely because he did not file his Notice of Appeal within thirty days of the trial court's order. The trial court here issued its final order denying Stephens' petition on June 21, 2019. On July 12, 2019, Stephens filed a motion to reconsider, which the trial court denied on July 29, 2019. Stephens then filed his Notice of Appeal on August 29, 2019.

---

[6] The State concedes that the trial court did not abuse its discretion when it considered Stephens' petition as one for post-conviction relief. However, it also argues the trial court did not have jurisdiction to do so because the filing constituted an unauthorized successive petition for post-conviction relief. As the State did not argue this before the trial court, it is waived from our consideration. *See Covens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) ("Issues not raised at the trial court are waived on appeal.").

We also note that, because Stephens' petition could not result in his release from prison, and thus was not a petition for habeas corpus, it should have been filed in the county of his conviction – Marion County – rather than in the county in which he was incarcerated –Putnam County. *See* Post Conviction Rule 1, section 1(c) (indicating cause improperly filed as habeas corpus petition in county of incarceration should be transferred to county of conviction for review as PCR petition). As the Putnam County court already addressed the merits of Stephens' petition as a PCR petition, we do so as well for the sake of judicial economy. *See Woods v. State*, 701 N.E.2d 1208, 1222 n.23 (Ind. 1998) (addressing merits of the appeal despite procedural deficiencies).

[12] While Stephens titled the motion he filed following the court's final judgment a "motion to reconsider[,]" (Appellant's App. Vol. II at 31) (original formatting omitted), that motion was, in fact, a motion to correct error, as it was filed after a final judgment. *See* Indiana Trial Rule 59(C) ("motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of *final judgment* is noted in the Chronological Case Summary") (emphasis added); *and see Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("[A]lthough substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error. We decline to favor form over substance [thus the motion] should have been treated as a motion to correct error.").

[13] As Stephens' motion was a motion to correct error, Stephens' notice of appeal must have been filed within thirty days after the court's ruling on that motion to correct error. *See* Indiana Appellate Rule 9(A)(1). The trial court denied Stephens' motion to correct error on July 29, 2019, and thus his appeal was due August 28, 2019. Stephens filed his notice of appeal on August 29, 2019, and thus it was late by one day.

[14] However, as has been noted on multiple occasions, when the right to an appeal has been forfeited, we may retain jurisdiction to entertain the appeal if there are "extraordinarily compelling reasons why this forfeited right should be restored." *See*, *e.g.*, *In re Adoption of O.R.,* 16 N.E.3d 965, 971 (Ind. 2014). While there does not exist precedent to label the reinstatement of GCT as "extraordinarily compelling," we elect to exercise our discretion to decide the

case on its merits, as has been our long-standing preference. *See, e.g., Hopple v. Star City Elevator Co.*, 140 Ind. App. 561, 564, 224 N.E.2d 321, 323 (1967) (appellate court prefers to decide cases on their merits whenever possible).

## 3. Merits of the Case

In his petition before the trial court and in his appellate brief, Stephens asks for the restoration of 1,650 days of GCT. As noted *supra*, this amount should be 1,643 days of GCT. *See supra* n.5. The GCT also can be separated into GCT for Count I, which totals 1,628 days, and GCT for Count II, which totals 15 days. We will discuss the GCT for each count separately.

### Count I GCT

Stephens argues the trial court erred when it denied his request to restore 1,628 GCT he was deprived because of various disciplinary issues from 2004 to 2010. Stephens filed his request for restoration of this GCT in 2019, nine years after March 5, 2010, when Stephens was released on parole after completing his sentence for Count I. Despite the timing of his request, Stephens argues he is entitled to automatic reinstatement of his GCT.

The 2015 Disciplinary Code, which was in effect[7] at the time Stephens filed his request for restoration of GCT, states:

---

[7] Stephens argues his request for restoration of GCT should have been considered under the 2004 Disciplinary Code despite the fact that he filed his request in 2019, which was well after the adoption of the 2015 Disciplinary Code. It is well-established that, unless indicated in the language of the regulation, administrative agency regulations are to be applied prospectively. *See Indiana Dept. of Envt'l Mgmt. v. Schnippel*

The [GCT] that is requested to be restored must be time that was deprived while serving the current commitment period, active sentences only. No request for [GCT] may be filed unless the time was deprived while serving the current commitment period, active sentences only, with no findings of guilt after the effective date of this policy and administrative procedure as indicated in subsection 3, a-i of this section.[8] [GCT] deprived while serving a previous commitment period, or prior to release to parole, probation, or community corrections supervision on the current commitment period, active sentences only, cannot be restored.

(Appellee's App. Vol. II at 98.)

[18] When he filed his petition to restore GCT in 2019, Stephens requested reinstatement of GCT he was deprived of between 2004 through 2010, when he was serving his sentence for Count I. Stephens was released on parole for Count I in 2010 and began serving his sentence for Count II immediately thereafter. Therefore, when Stephens filed his request for restoration of GCT in 2019, he was not serving the sentence from which that GCT was deprived and he was not entitled to reinstatement of the 1,628 days. The trial court did not err in denying Stephens' request for reinstatement of the 1,628 days of GCT.

---

*Const., Inc.*, 778 N.E.2d 407, 415 (Ind. Ct. App. 2002) (administrative regulations are prospective unless otherwise explicitly indicated in the language of the regulation), *trans. denied*. Thus, we will use the provisions in the 2015 Disciplinary Code.

[8] This portion of the 2015 Disciplinary Code lists possible violations of DOC administrative code, and neither party argues they are relevant here.

### Count II GTC

Stephens also contends he is entitled to the reinstatement of an additional fifteen days of GCT toward his sentence for Count II. As noted supra, in 2010, the DOC deprived Stephens of thirty days of GCT because he violated DOC rules. On May 9, 2011, Stephens requested reinstatement of the thirty days pursuant to the 2004 Disciplinary Code, which stated:

> If the petition for restoration of [GCT] that has been deprived as a result of a disciplinary hearing is approved, the [GCT] shall be restored in the following manner:
>
>> (1) Approval of the first petition shall result in 25% of the original amount of the TOTAL lost [GCT] being restored[.]

(Appellee's App. Vol. II at 46) (emphasis in original). As it was his first petition, the DOC restored eight days, which represented 25% of the GCT Stephens was deprived based on his violation in 2010.

In September 2018, Stephens filed a second request for restoration of the thirty days GCT deprived in 2010, under the 2015 Disciplinary Code, which stated, in relevant part:

> g. If approved, [GCT] shall be restored only in the following manner:

\* \* \* \* \*

2. Approval of any subsequent petitions for restoration of [GCT] shall result in up to sixty (60) days of deprived [GCT] being restored for each successful subsequent petition, subject to the limitations of subsections 3 and 4[9] below;

3. The total maximum amount of deprived [GCT] that can be restored is fifty percent (50%) of the cumulative amount of restorable [GCT];

(Appellee's App. Vol. II at 99-100.) Based thereon, Stephens was granted restoration of an additional seven days GCT, for a total of fifteen days, which is the maximum allowed under the 2015 Disciplinary Code. As he has reached the maximum number of GCT to be reinstated, he is not entitled to additional days and the trial court did not err when it denied his request to reinstate the additional fifteen days.

# Conclusion

[21] While we note the multiple procedural deficiencies in Stephens' flings before the trial and appellate courts, we exercise our discretion to decide his case on the merits to clarify for Stephens that he has received reinstatement of all possible deprived GCT and to provide closure to this issue. We hold the court did not err when it denied Stephens' requests for reinstatement of his GCT

---

[9] Section 4 is inapplicable because it addresses situations in which the reinstatement of deprived earned credit time would result in an immediate release from incarceration.

under his sentences for Counts I and II. Accordingly, we affirm the decision of the trial court.

[22] Affirmed.

Robb, J., and Vaidik, J., concur.